## Commonwealth v. Philadelphia Gas Works Division of the United Gas Improvement Co.

*Herbert S. Levin*, for Commonwealth.

*B. W. Kauffman*, for Philadelphia Gas Works.

*L. Kates*, for City of Philadelphia.

ALESSANDRONI, P. J., July 8, 1963.—The Commonwealth filed a petition praying for an order for the payment by the Philadelphia Gas Works Division of

unclaimed customers' deposits into the treasury without escheat. By stipulation the City of Philadelphia was added as a respondent.

The matter was heard and an opinion was filed by Reimel, J. in which the prayer of the petition was granted. Exceptions and a petition for rehearing were filed.

The position of respondents is that the admittedly unclaimed fund is not escheatable by reason of the Municipal Unclaimed Moneys Act of May 17, 1949, P. L. 1403, 27 PS §491, et seq. That act provides a different method of escheat for monies received on deposit by municipalities; when the funds are escheated, they are escheated to the Commonwealth for the use of the municipality.

It is argued that the Philadelphia Gas Works Division is the agent of the City of Philadelphia and that therefore payments to it are the equivalent of payments to the City of Philadelphia. County Commissioners v. Prothonotary, 14 D. & C. 2d 89, is cited by the respondents. That case concerned moneys received by various county officials in their official capacities, and were monies received as the result of tax sales. That case is inapposite.

In the instant case, the City of Philadelphia is the owner of the gas works; the plant is leased to Philadelphia Gas Works Division of United Gas Improvement Company. The contract between the respondents is an elaborate one. The city receives a rental and the other respondent a management fee. The officials of P. G. W. are not appointed or elected officials of the city. Moneys received by P. G. W. are not deposited in the municipal treasury. In fact any surplus realized from operation of the facility over and above all costs, rentals and fees is to be utilized in the capital improvement program.

We do not believe the Municipal Unclaimed Moneys

Act, supra, is applicable to this case. The connection with the City of Philadelphia is only incidental.

We quote with approval the following portion of Judge Reimel's opinion:

"The issue in this case is whether the agreement between the Respondent and the City can in any way alter the basic relationship between the customers and the Respondent so that deposits paid by the customers to the Respondent can be considered as, in effect, deposits paid by the customers to the City. When the issue is stated in these terms, it is clear that the Respondent's agreement with the City does not affect the condition in which the Respondent received these deposits. Furthermore, this agreement will not then affect the application of a statute pertaining to these deposits so received."

Accordingly, respondent's exceptions are dismissed.

### Order

And now, July 8, 1963, respondents' exceptions and petition for a rehearing are denied.